UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| 1ST SOURCE BANK, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO.: 3:11-CV-205-TLS |
| VILLAGE OF STEVENSVILLE, *et al.* | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 30] filed by Defendant David M. Peterson on October 13, 2011. The Plaintiff, 1st Source Bank, filed an Amended Complaint [ECF No. 14] on September 9, 2011, adding several Defendants, including Peterson to this lawsuit. Peterson filed a Memorandum in Support [ECF No. 31] along with the Motion. The Plaintiff filed a Response [ECF No. 38] in opposition to the Motion on October 26. Peterson filed a Reply [ECF No. 43] on November 7. The Plaintiff filed an Unopposed Motion for Leave to File a Sur-Reply [ECF No. 44] on November 14, with the proposed Sur-Reply [ECF No. 44-1] attached. The Magistrate Judge granted that Motion. Peterson filed an Unopposed Motion for Leave to Rebut Sur-Reply [ECF No. 47] on November 23 with the proposed Rebuttal [ECF No. 47-1] attached. The Magistrate Judge also granted that Motion. The parties have made no further filings concerning the Motion.

**BACKGROUND**

This diversity action arises out of a series of loans made by the Plaintiff to the Village of Stevensville, Michigan (the Village) and the Village of Stevensville Downtown Development

Authority (DDA) (collectively Stevensville).[1] In 2010, the Village and the DDA defaulted on those loans. The Plaintiff, a bank organized and existing under the laws of Indiana and located in Indiana, then brought the present suit to enforce its rights under the loan agreements. Stevensville, in its Answer to the original Complaint, asserted as an affirmative defense that it had no authority to take out the loans in question and that the loan agreements were, therefore, unenforceable. (Village & DDA Answer ¶¶ 5, 55, 60, 62, ECF No. 9; Village & DDA Affirmative Defenses ¶¶ 1, 2, ECF No. 9.) The Plaintiff then filed the Amended Complaint adding allegations for "Misrepresentation" and "Breach of Warranty" and added several additional Defendants. (Am. Compl. 17–22, ECF No. 14.) The Plaintiff alleges that if Stevensville proves its affirmative defense that it had no authority to borrow the money at issue, then these additional Defendants, all of whom it alleges took some action to represent to the Plaintiff that Stevensville had such authority, must have made material misrepresentations upon which they knew or should have known that the Plaintiff would rely.

Peterson was the Village's attorney during the time period relevant to this suit. In that role, he sent a letter to the Plaintiff on December 11, 2006, stating:

> Pursuant to Michigan law, the Village of Stevensville is authorized to borrow and incur debt obligations not to exceed 10% of the assessed valuation of real and personal property within the Village subject to taxation as shown by the last preceding assessment roll of the Village. MCL 69.22. Currently, this authorized amount is $3,000,000 (three million dollars). As a result, it is my opinion that the Village of Stevensville is a "qualified small issuer" as that term is defined in IRC Section 265(b)(3)(C), (26 USC 265), because the Village of Stevensville's reasonably anticipated amount of tax-exempt obligations which could be issued by

---

[1] In this brief summary of facts, the Court accepts as true, as it must at this stage, the allegations presented by the Plaintiff in the Amended Complaint. The parties to this suit should not rely on this factual summary as establishing any particular facts for any purpose in the broader ligation over these loan agreements.

the Village during any calendar year does not exceed $10,000,000.

(Counsel Opinion Letter I, Am. Compl. Ex. B, ECF No. 14-2.) Peterson sent a second letter to the Plaintiff, dated January 15, 2009, essentially affirming the information contained in the 2006 letter. (Counsel Opinion Letter II, Am. Compl. Ex. F, ECF No. 14-6.) The Plaintiff alleges, based on the affirmative defense raised by Stevensville, that the information in these letters was not true and that Peterson acted reckless or negligently in providing this information. Furthermore, the Plaintiff alleges that it reasonably relied on the letters and that they were written and sent to the Plaintiff with the purpose of inducing such reliance.

## LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995).

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the court must accept as true all well-pleaded facts and draw all permissible inferences in the Plaintiff's favor, it need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2008). Legal conclusions can provide a complaint's framework, but unless well-pleaded factual allegations move the claims from

3

conceivable to plausible, they are insufficient to state a claim. *Id.* at 679.

A plaintiff can also plead himself out of court if he pleads facts that preclude relief. *See Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011); *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) ("A plaintiff 'pleads himself out of court when it would be necessary to contradict the complaint in order to prevail on the merits.'") (quoting *Kolupa v. Roselle Park Dist.*, 438 F.3d 713, 715 (7th Cir. 2006)); *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). "A statute of limitations provides an affirmative defense, and a plaintiff is not required to plead facts in the complaint to anticipate and defeat affirmative defenses. But when a plaintiff's complaint nonetheless sets out all of the elements of an affirmative defense, dismissal under Rule 12(b)(6) is appropriate." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). In determining whether the complaint has properly stated a claim for relief, a "reviewing court [should] draw on its judicial experience and common sense." *Iqbal*, 556 U.S. 679.

## ANALYSIS

Peterson moves to dismiss on the basis that the statutory period provided under Michigan law for the claim brought against him expired prior to the filing of the Amended Complaint. To grant Peterson's Motion on that basis, the Court must make three legal conclusions, each of which is separately contested by the Plaintiff: 1) Michigan law rather than Indiana law applies to the Plaintiff's claim against Peterson; 2) the Plaintiff's claim against Peterson is one for legal malpractice and not for negligent misrepresentation; and 3) the limitation period under Michigan law has expired. Each of these conclusions is necessary because Peterson appears to recognize

that the statutory period has not expired for a legal malpractice claim in Indiana or for negligent misrepresentation in Indiana or Michigan.

As the Seventh Circuit has noted, "before entangling itself in messy issues of conflict of laws a court ought to satisfy itself that there actually is a difference between the relevant laws of the different states." *Barron v. Ford Motor Co.*, 965 F.2d 195, 197 (7th Cir. 1992). *See also Simon v. United States*, 805 N.E.2d 798, 801 (Ind. 2004) (indicating that the first step in any conflicts analysis is to determine if a true conflict exists). In this case the limitations periods are actually different because legal malpractice claims accrue, that is the limitations period on such claims begins to run, at different times in each state. In Michigan a two-year limitation period is applied to malpractice claims, Mich. Comp. Laws § 600.5805(6), and such claims against lawyers "accrue[] at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim," *Id*. § 600.5838(1).[2] *See also Gebhardt v. O'Rourke*, 444 Mich. 535, 554 (1994) (applying the statute). Indiana also applies a two-year limitations period, Ind. Code. § 34-11-2-4, but the cause of action only accrues when "when the plaintiff knew, or, in the exercise of ordinary diligence, could have discovered that an injury has been borne as a result of the tortious act of another,"*Pope v. Zanetis*, No. IP 00-1125-C H/G, 2002 WL 425050 (S.D. Ind. Feb. 22, 2002) (citing *Diaz v. Carpenter*, 650 N.E.2d 688, 691 (Ind. Ct. App. 1995) (citing *Wehling v. Citizens*

---

[2] The statute also provides for a limited discovery rule permitting a plaintiff to file "within 6 months after the plaintiff discovers or should have discovered the existence of the claim." Mich. Comp. Laws § 600.5838(1). Neither party agues, nor does it appear to the Court, that this rule negates the conflict between Michigan and Indiana law presented in this case.

*Nat'l Bank*, 586 N.E.2d 840 (Ind. 1992))). If the Court finds that the Plaintiff's cause of action against Peterson is for legal malpractice, this accrual difference could impact the outcome of the litigation.

The Court, sitting in diversity jurisdiction, applies the choice of law rules of the forum state—here, Indiana. *Klaxon Co. v. Stentor Elec. Mfg. Co*., 313 U.S. 487, 496–97 (1941). "Because in Indiana statutes of limitations are procedural in nature, Indiana choice-of-law rules state that the statute of limitations of the forum state, Indiana, will apply." *Autocephalous Greek-Orthodox Church of Cyprus v. Goldberg & Feldman Fine Arts, Inc.*, 717 F. Supp. 1374, 1385 (S.D. Ind. 1989) (citations omitted), *aff'd*, 917 F.2d 278 (7th Cir. 1990). *See also Smither v. Asset Acceptance, LLC*, 919 N.E.2d 1153, 1158 (Ind. Ct. App. 2010) (stating in the context of a choice-of-law analysis that a "statute of limitation is a procedural constraint"); *Lehman Bros. Holdings, Inc. v. Laureate Realty Servs., Inc*., No. 1:04-CV-1432-RLY-TAB, 2007 WL 2904591, at *10 (S.D. Ind. Sept. 28, 2007) ("[F]ederal courts sitting in diversity in Indiana routinely apply Indiana's statute of limitations, even where, as here, another statute's substantive law governs the underlying claims at issue.") (citing cases); *Miller v. Javitch, Block & Rathbone*, 397 F. Supp. 2d 991, 1002–03 (N.D. Ind. 2005) ("[U]nder Indiana law, statutes of limitation are procedural, rather than substantive, and are not subject to parties' choice of law disputes."). Therefore, in this case, whether the substantive law of Michigan applies to the Plaintiff's claims against Peterson or not, it appears that the Indiana statute of limitations will apply. The parties, however, did not address this point of Indiana law. Thus, there is no argument before the Court concerning whether Michigan's rule for when malpractice claims accrue should follow this general rule. Because the parties have not briefed the issue the Court will not conclusively determine if the

rule for when a claim accrues for statute of limitations purposes is procedural or substantive for choice of law purposes in this case.

While Peterson argues that the Plaintiff alleges a legal malpractice claim, he recognizes that such a claim was timely filed under the relevant Indiana law. (Reply 6, ECF No. 43.) The Court will not resolve here whether the claim was timely filed under Michigan law because the Plaintiff need only state a plausible cause of action. Because the Indiana statute of limitations for legal malpractice could apply to this claim, whether or not Michigan substantive law applies, Peterson's Motion, made on the basis that the Plaintiff's claims are barred by Michigan's statute of limitations, will be denied.

While the Court will not determine here whether Michigan's rule for accrual of a malpractice claim should be carried with its substantive law, the Court notes that even if it did the Court would still deny Peterson's Motion because Indiana substantive law could apply to the claim in its entirety. Because a choice-of-law determination on the substantive law applicable to the Plaintiff's claim against Peterson will likely be a fact specific inquiry, the Court declines to make this determination at this early stage of the suit on a relatively limited set of facts. Moreover, viewing the facts stated in the Amended Complaint most favorably to the Plaintiff, the Court could not conclusively state that Michigan substantive law must apply. Indiana "employs a modified lex loci delicti analysis" under which "the substantive law of the place of the wrong will usually govern, 'unless the state where the tort occurred is an insignificant contact.' Then Indiana looks to the state with the most significant contacts." *Morgan v. Fennimore*, 429 F. App'x 606, 609 (7th Cir. 2011) (quoting *Simon v. United States*, 805 N.E.2d 798, 804 (Ind. 2004)) (citations omitted). In this case, the Plaintiff argues that its Amended Complaint indicates

7

that the harm alleged took place in Indiana, as the opinion letters were sent to the Plaintiff's office in Indiana, where they were read by employees of the Plaintiff who were then mislead. *See Klein v. DePuy, Inc.*, 506 F.3d 553, 556 (7th Cir. 2007) ("As we have previously stated, Indiana's *lex loci delicti* principle points to the location of the injury, not the defendant's corporate headquarters, as the source of law."). Although Peterson presents significant facts that could lead to the alternate conclusion that Michigan's substantive law applies, the Court would read the Amended Complaint in the light most favorable to the Plaintiff at this stage to conclude that Indiana law could apply. Thus, even if Peterson could show that Michigan's statute of limitations, or its rule governing when the limitations period begins to run, should be carried with its substantive law the Court would still deny the Motion.

Finally, Peterson asserts that the Plaintiff failed to state a claim for negligent misrepresentation because Michigan and Indiana law purportedly bar such claims in the context of a lawyer negligently providing a legal opinion. The Plaintiff responds that Peterson made statements of both fact and legal opinion in the opinion letters and, therefore, any such bar would not impact its claims against him. Under Indiana law,

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

*U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010) (quoting Restatement (Second) of Torts § 552(1)). Peterson relies on Michigan case law that draws a distinction between the "expression of opinion in the exercise of professional judgment rendered

8

upon facts . . . fully disclosed and known to all" and the summarizing of "facts which could be checked against a record." *City Nat'l Bank of Detroit v. Rodgers & Morgenstein*, 399 N.W.2d 505, 508 (Mich. Ct. App. 1986). In that case the Michigan Appellate Court determined that professional opinions by lawyers rendered upon fully disclosed facts, unlike summaries of facts, are not actionable as negligent misrepresentation to third parties. *Id.* at 507. Peterson concedes that Indiana law on this point "is less clear." (Reply 3 n.6, ECF No. 43.) Peterson has not demonstrated that Indiana law necessarily draws the same distinction nor has he conclusively shown that the statements made by Peterson were professional opinion rendered upon fully disclosed facts as opposed to statements or summaries of facts mixed with legal opinion as the Plaintiff asserts. As with the choice-of-law issue, this issue could only be resolved by the Court upon a more developed factual record.

## CONCLUSION

For the reasons stated above, the Court DENIES Peterson's Motion to Dismiss [ECF No. 30].

SO ORDERED on June 18, 2012.

                                               s/ Theresa L. Springmann
                                               THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT
                                               FORT WAYNE DIVISION